IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03239–LTB–KMT

MR. LEVOLIA L HAYES,

    Plaintiff,

v.

JAMES LOWE,
CORRECTION HEALTHCARE COMPANIES, and
CLIF NORTHAM,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that the defendants violated Plaintiff's constitutional rights and Colorado law. This matter is before the court on the "Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11) as to Defendants Lowe and Northam ["County Defendants"] Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 20 [County Defs.' Mot.], filed March 18, 2014) and "Defendant Correctional Healthcare Companies' ["CHC"] Motion to Dismiss in Lieu of an Answer" (Doc. No. 23 [CHC's Mot.], filed March 18, 2014). Plaintiff did not file responses to either motion. The motions are ripe for recommendation and ruling.

### STATEMENT OF THE CASE

Plaintiff, who at the relevant time was a pretrial detainee at the El Paso County Criminal Justice Center, alleges on September 4, 2013, he was being transported to appear in court, and

while he was handcuffed behind his back and facing a wall, Defendant Lowe "inappropriately & over excessively grabbed, yanked & pulled" Plaintiff by his left arm, causing injuries to his shoulder. (*See* Compl. at 2-4.)

Plaintiff alleges after the incident with Defendant Lowe, he lodged a complaint with the El Paso County Sheriff's Office, but Defendant Northam failed to conduct a proper investigation into the incident. (*Id.* at 7.)

Plaintiff also alleges after his shoulder injury, Defendant CHC failed to respond to numerous medical kites and grievances in which Plaintiff requested medical care, including an X-ray and long term pain management. (*Id.* at 6.)

## STANDARDS OF REVIEW

1. **Pro Se *Plaintiff***

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (a court may not "supply

additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues")

## 2. *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one

for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

## 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely

conclusory. *Id*. at 679-81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### 1.    *County Defendants' Motion to Dismiss*

The County Defendants move to dismiss Plaintiff's Complaint on the bases that (1) Plaintiff fails to state a claim upon which relief can be granted; (2) they are entitled to qualified immunity; and (3) this Court lacks subject matter jurisdiction over Plaintiff's Colorado state law claims. (*See* County Defs.' Mot.)

#### a.    *Failure to State a Claim upon Which Relief Can Be Granted*

Plaintiff asserts a claim for excessive force against Defendant Lowe and a claim for "Managerial Prosecutional Misconduct" against Defendant Northam. (*See* Compl. at 5, 7.)

5

### *i.* *Excessive Force Claim*

In his Complaint, Plaintiff alleges Defendant Lowe used excessive force in violation of his Eighth and Fourteenth Amendment rights. (*Id.* at 5.) The Fourteenth Amendment governs any claim of excessive force brought by a "pretrial detainee"—one who has had a "judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest." *Bell v. Wolfish*, 441 U.S. 520, 536 (1979) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). However, Eight Amendment protections apply only to convicted prisoners. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983); *see also Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010).

The County Defendants have attached to their motion certified copies of records from the El Paso County Court. "Although a court generally must convert a motion to dismiss to one for summary judgment when the court considers matters outside the pleadings, Fed. Civ. P. 12(d), a court need not do so if it takes judicial notice of its own files and records, as well as facts which are a matter of public record." *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (internal quotations omitted); *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (holding facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment); *see McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001) (stating that "[t]he court is permitted to take judicial notice of its own files and records, as well as other facts which are a matter of public record."). This court takes judicial notice of the El Paso County Court records and need not convert this motion into a motion for summary judgment.

The El Paso County Court records show Plaintiff was arrested on September 3, 2013, on a warrant for failure to comply with supervised probation. (Mot., Ex. A at 3-4.) Plaintiff's initial appearance on the arrest warrant was held on September 4, 2013. (*Id.* at 4.) Therefore, because Plaintiff was a pretrial detainee on September 4, 2013—when Plaintiff alleges Defendant Lowe used excessive force—Plaintiff's excessive force claim properly is analyzed under the Fourteenth Amendment, and not the Eighth Amendment.

To show a violation of the Fourteenth Amendment by use of excessive force, a plaintiff must establish three factors: "(1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state actor." *Porro v. Barnes*, 624 F.3d 1322, 1326 (10th Cir. 2010) (quoting *Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003)). Force motivated "by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience may be redressed under" the due process protections of the Fourteenth Amendment. *Id.*

Plaintiff's Complaint contains sufficient factual allegations to satisfy the first two factors. Plaintiff asserts that he was against the wall when Defendant Lowe gave directions to Plaintiff to move further down the wall. (Compl. at 4.) Plaintiff states he looked back at Defendant Lowe to confirm he heard Defendant Lowe correctly, when Defendant Lowe "inappropriately & over excessively grabbed, yanked & pulled" Plaintiff by the arm, causing a shoulder injury. (*Id.*) Construed liberally, these allegations support a plausible inference that Defendant Lowe used an amount of force disproportionate to the need presented which resulted in a pulled muscle in Plaintiff's shoulder. (*Id.* at 4.)

However, the Complaint is devoid of any specific factual allegations about Defendant Lowe's state of mind. (*See id.*) Rather, the Complaint contains conclusory statements that Defendant Lowe "deliberately put [Plaintiff's] left arm in a position it wasn't physically meant to go" and that Defendant Lowe acted willfully, heedlessly, and recklessly. (*Id.* at 5.) Without additional factual allegations, the Complaint fails to demonstrate malice or an abuse of official power that shocks the conscience. Accordingly, the Plaintiff fails to state a claim for excessive force.

Plaintiff's excessive force claim asserted against Defendant Lowe properly is dismissed.

### ii.     *Managerial Prosecutorial Misconduct Claim*

Plaintiff also asserts a claim under the Sixth Amendment for Defendant Northam's failure to carry out a proper investigation into Plaintiff's excessive force complaint against Defendant Lowe. (*Id.* at 7.)

The Sixth Amendment provides certain rights "[i]n all criminal prosecutions." U.S. Const. Amend. VI. Plaintiff has not set forth any factual allegations suggesting that Defendant Northam's conduct did not meet the Sixth Amendment's requirements, and Plaintiff does not allege any facts pertaining to a criminal prosecution. Thus, Plaintiff's claim is not cognizable under the Sixth Amendment.

If this court construes Plaintiff's claim as one for prosecutorial misconduct, Plaintiff's claim also fails. This type of claim generally is brought by a plaintiff against a prosecutor for misconduct that rendered his criminal proceedings fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637 , 642–48 (1974). In this case, Plaintiff does not allege his rights to

a fair criminal trial or disciplinary proceedings were affected in any way by Defendant Northam's conduct.

It appears Plaintiff may be attempting to assert a claim that Defendant Northam violated his due process rights by failing to investigate his complaint that Defendant Lowe used excessive force. (*See* Compl. at 7; 26.) However, "[a] prison official's failure, if any to adequately respond to a prisoner's grievance does not implicate a constitutional right." *Martin, II v. Birch*, No. 09–cv–758, 2010 WL 125002, at *2 (N.D. Okla. Jan.7, 2010) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (9th Cir. 1993) (per curiam), and *Greer v. DeRobertis*, 568 F. Supp. 1370, 1375 (N.D. Ill. 1983) ("[T]he Fourteenth Amendment does not mandate administrative review of prison disciplinary actions.")); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." *Martin, II*, 2010 WL 125002, at *2 (citations omitted) (quoting *Buckley*, 997 F.2d at 495).

Plaintiff's claim for Managerial Prosecutorial Misconduct properly is dismissed with prejudice for failure to state a claim upon which relief can be granted.

### iii. Qualified Immunity

The County Defendants argue they are entitled to qualified immunity as to the claims asserted against them in their individual capacities. (Mot. at 11.) Whether Defendant Lowe is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).

> Resolution of a dispositive motion based on qualified immunity involves a two-pronged inquiry. First, a court must decide whether the facts that a plaintiff has

> alleged or shown make out a violation of a constitutional right. Second, ... the
> court must decide whether the right at issue was clearly established at the time of
> the defendant's alleged misconduct. With regard to this second [prong], the
> relevant, dispositive inquiry in determining whether a right is clearly established
> is whether it would be clear to a reasonable officer that his conduct was unlawful
> under the circumstances presented.

*Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted). "A reviewing court may exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Id.*

Having concluded that Plaintiff has failed to state a claim for a constitutional violation, Defendants Lowe and Northam are entitled to qualified immunity on Plaintiff's § 1983 claims against them in their individual capacities.

### *2.     Defendant CHC's Motion to Dismiss*

Plaintiff asserts one claim against Defendant CHC a violation of his Eighth Amendment rights. (*See* Doc. No. 6.)  Defendant CHC moves to dismiss Plaintiff's claim against them on the bases that (1) Plaintiff fails to state a claim for entity liability; and (2) Plaintiff fails to state a claim for deliberate indifference. (*See* CHC's Mot.)

#### *A.     Entity Liability*

Plaintiff's Complaint is devoid of any allegations to show what the connection is between Defendant CHC and the medical care that was provided to Plaintiff. Instead, Plaintiff alleges he was "disregarded by nurse (Gwen) [sic]," "was seen by Dr. Wright" who diagnosed him, but "neglected pain meds," and was examined by both "Dr. Hun" and "Dr. Howard," who denied Plaintiff "long term pain management due to side effect of pain med." (Compl. at 6.)

10

Assuming Plaintiff is alleging that the medical professionals mentioned in his Complaint—who are not defendants in this action—are employees of Defendant CHC, Plaintiff fails to properly state a claim for entity liability because Defendant CHC cannot be held vicariously liable for the acts of its employees. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978), the Supreme Court held that a municipality cannot be held liable under § 1983 merely on account of the unauthorized acts of its agents. *Monell*, 436 U.S. at 691-94 (rejecting § 1983 claim based on *respondeat superior* theory). Courts have extended that holding to § 1983 claims against private defendants. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Therefore, a corporate defendant, such as CHC, cannot be held vicariously liable under § 1983 for the alleged acts of Nurse Gwen, Dr. Wright, Dr. Hun, or Dr. Howard.

Moreover, Plaintiff does not allege a policy or custom that allegedly violated his rights, which is necessary to sustain a claim against an entity under § 1983. Although a corporate defendant cannot be vicariously liable for the acts of its employees, it can be liable if a corporate policy was the direct cause or moving force behind the constitutional violation. *Dubbs*, 336 F.3d 1194, 1215 (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986)). The plaintiff must show (1) the existence of a policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). A policy is a formal statement by the private corporation, and a custom is a persistent, well-settled practice of unconstitutional misconduct by employees that is known and approved by the corporation. *See*

*Gates v. Unified School Dist. No. 449 of Leavenworth Cnty., Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993).

Here, Plaintiff fails to identify any official policy or custom that allegedly violated his constitutional rights. Without an injurious policy or custom, Defendant CHC cannot be held liable under § 1983. Further, Plaintiff does not allege that anything the Defendant CHC employees did caused an injury. Plaintiff alleges that he should have received pain medication for his injury, but he fails to allege that this failure caused him any additional injury. Therefore, Plaintiff fails to state a claim for entity liability.

As such, Plaintiff's claim against Defendant CHC properly is dismissed.

**WHEREFORE**, for the foregoing reasons, this court

**RECOMMENDS** that

1. The "Motion to Dismiss Plaintiff's Amended Complaint (Doc. 11) as to Defendants Lowe and Northam Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)" (Doc. No. 20) be **GRANTED**, and that the claims against Defendants Lowe and Northam be dismissed with prejudice, pursuant to Fed. R. Civ. P. 6; and

2. Defendant Correctional Healthcare Companies' ["CHC"] Motion to Dismiss in Lieu of an Answer" (Doc. No. 23) be **GRANTED**, and that the claims against Defendant Correctional Healthcare Companies be dismissed with prejudice, pursuant to Fed. R. Civ. P. 6.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 22nd day of December, 2014.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge